**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Northern__ District of __Texas__
_(State)_

Case number _(if known)_: _____ Chapter __11__

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, _Instructions for Bankruptcy Forms for Non-Individuals_, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Petro Harvester Operating Company, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and _doing business as_ names | N/A |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 2 7 _ 3 5 0 2 1 3 6 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 5005 Lyndon B. Johnson Freeway<br>Number    Street | _____<br>Number        Street |
| Suite 700 | _____<br>P.O. Box |
| Dallas                TX        75244<br>City                State    ZIP Code | _____<br>City                State    ZIP Code |
| Dallas<br>County | **Location of principal assets, if different from principal place of business**<br>_____<br>Number        Street<br>_____<br>_____<br>City                State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | http://www.rockallenergy.com/ |

Debtor   Petro Harvester Operating Company, LLC                    Case number (*if known*)_____
          Name

| | |
|---|---|
| **6.** **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | ☐ Partnership (excluding  LLP) |
| | ☐ Other. Specify: _____ |

| | |
|---|---|
| **7.** **Describe debtor's business** | A. *Check one:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☑ None of the above |
| | |
| | B. *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | __2__ __1__ __1__ __1__ |

| | |
|---|---|
| **8.** **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ☑ Chapter 11. *Check **all** that apply:* |
| | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☑ A plan is being filed with this petition. |
| | ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

Debtor    Petro Harvester Operating Company, LLC          Case number *(if known)* _____
_____
Name

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
MM / DD / YYYY

District _____ When _____ Case number _____
MM / DD / YYYY

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor  See Rider 1 _____ Relationship _____

District _____ When _____
MM / DD / YYYY

Case number, if known _____

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number    Street

_____

_____
City                                    State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

▌ **Statistical and administrative information**

Debtor  Petro Harvester Operating Company, LLC          Case number (if known) _____
        _____
        Name

| | | |
|---|---|---|
| 13. Debtor's estimation of available funds | Check one: ☐ Funds will be available for distribution to unsecured creditors. ☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |

| 14. Estimated number of creditors | ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|
| | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | ☐ 100-199 | ☑ 10,001-25,000 | ☐ More than 100,000 |
| | ☐ 200-999 | | |

| 15. Estimated assets | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. Declaration and signature of authorized representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/08/2022
            MM / DD / YYYY

**X** _____          David Mirkin
Signature of authorized representative of debtor          Printed name

Title  Chief Financial Officer

## Rider 1

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor in the United State Bankruptcy Court for the Northern District of Texas**

| |
|---|
| Rockall Energy Holdings, LLC |
| Arrow Rock Energy, LLC |
| Petro Harvester Operating Company, LLC |
| Rockall Agent Corporation |
| Rockall Energy, LLC |
| Rockall EOR, LLC |
| Rockall Exploration Company, LLC |
| Rockall Intermediate, Inc. |
| Rockall LA, LLC |
| Rockall Laurel, LLC |
| Rockall Midstream, LLC |
| Rockall MS, LLC |
| Rockall ND, LLC |
| Rockall Pine Prairie, LLC |
| White Marlin Investment Company, LLC |
| White Marlin Midstream, LLC |

Michael A. Garza (Texas Bar No. 24126797)
Matthew J. Pyeatt (Texas Bar No. 24086609)
Trevor G. Spears (Texas Bar No. 24106681)
**VINSON & ELKINS LLP**
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
mgarza@velaw.com; mpyeatt@velaw.com;
tspears@velaw.com
**PROPOSED ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION**

David S. Meyer (*pro hac vice* pending)
George R. Howard (*pro hac vice* pending)
Lauren R. Kanzer (*pro hac vice* pending)
**VINSON & ELKINS LLP**
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel: 212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com; ghoward@velaw.com;
lkanzer@velaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 22-[●] (●)** |
| | § | |
| **ROCKALL ENERGY HOLDINGS, LLC,** | § | **(Chapter 11)** |
| ***et al.*,** | § | |
| | § | **(Joint Administration Requested)** |
| | § | **(Emergency Hearing Requested)** |
| **Debtors.**[1] | § | |

## NOTICE OF DESIGNATION AS
## COMPLEX CHAPTER 11 BANKRUPTCY CASE

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

On the date hereof, the above-captioned debtors and debtors in possession (collectively, the "***Debtors***"), each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "***Chapter 11 Cases***"). The undersigned proposed counsel believes that these Chapter 11 Cases qualify as complex chapter 11 cases because:

---

[1]     The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Arrow Rock Energy, LLC (7549), Petro Harvester Operating Company, LLC (2136), Rockall Agent Corp. (1653), Rockall Energy Holdings, LLC (5784), Rockall Energy, LLC (6340), Rockall EOR, LLC (4136), Rockall Exploration Company, LLC (0547), Rockall Intermediate, Inc. (9759), Rockall LA, LLC (4270), Rockall Laurel, LLC (1178), Rockall Midstream, LLC (0917), Rockall MS, LLC (0740), Rockall ND, LLC (9311), Rockall Pine Prairie, LLC (5799), White Marlin Investment Company, LLC (9987), and White Marlin Midstream, LLC (1466). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 5005 LBJ Freeway, Suite 700, Dallas, TX 75244.

|      X       | The Debtors have total debt of more than $10 million; |
| _____ | There are more than 50 parties in interest in these chapter 11 cases; |
| _____ | Claims against the Debtors are publicly traded; |
| _____ | Other: (Substantial explanation is required.). |

Dated:  March 9, 2022
Dallas, Texas

/s/  *Michael A. Garza*
_____
**VINSON & ELKINS LLP**
Michael A. Garza (Texas Bar No. 24126797)
Matthew J. Pyeatt (Texas Bar No. 24086609)
Trevor G. Spears (Texas Bar No. 24106681)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel:  214.220.7700
Fax: 214.999.7787
mgarza@velaw.com; mpyeatt@velaw.com;
tspears@velaw.com

- and -

David S. Meyer (*pro hac vice* pending)
George R. Howard (*pro hac vice* pending)
Lauren R. Kanzer (*pro hac vice* pending)
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel:  212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com; ghoward@velaw.com;
lkanzer@velaw.com

**PROPOSED ATTORNEYS FOR THE
DEBTORS AND DEBTORS IN POSSESSION**

| Fill in this information to identify the case: |
|---|
| Debtor name Petro Harvester Operating Company, LLC |
| United States Bankruptcy Court for the: Northern District of Texas (State) |
| Case number (If known): _____ |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WBI Energy Corrosion Services | ATTN: Mark Anderson 1250 West Century Ave Bismarck, ND 58503, US TEL: 701-530-1623 EMAIL: mark.anderson@WBIEnergy.com | Contract | Contingent Unliquidated Disputed | | | Undetermined |
| 2 | Steel Reef Burke, LLC | ATTN: Scott Southward / Adam Voss 333 7th Avenue SW, Suite 1200 Calgary, AB T2P 2Z1, CA TEL: 403-263-833 EMAIL: scott.southward@steelreef.ca | Trade | Disputed | | | $ 1,032,906 |
| 3 | Baker Hughes Oilfield Operations, LLC | ATTN: Ron Davis 2929 Allen Parkway, Suite 2100 Houston, TX 77019, US TEL: 713-439-8600 EMAIL: Ron.Davis@bakerhughes.com | Trade | | | | $ 830,414 |
| 4 | W. C. Schmitz | ATTN: W. C. Schmitz P.O. Box 12019 Austin, TX 78711, US TEL: EMAIL: | Suspense | | | | $ 738,967 |
| 5 | Talco Petroleum, LLC | ATTN: Nigel E. Solida 1415 Louisiana St. Houston, TX 77002, US TEL: 620-314-8780 EMAIL: nes@talcopetro.com | Settlement Agreement | Contingent Unliquidated Disputed | | | $ 612,973 |
| 6 | ExxonMobil Corporation | ATTN: Mary Hayes PO BOX 840791 Dallas, TX 75284, US TEL: 817-885-3291 EMAIL: Mary_Hayes@xtoenergy.Com | Joint Interest Billing / Royalty | | | | $ 486,104 |
| 7 | Daryl G. Peterson and Christine Peterson | ATTN: Daryl Peterson / Christine Peterson 2610 100th Street NW Antler, ND 58711, US TEL: 701-756-6275 EMAIL: christinepeterson68@gmail.com | Litigation Settlement | | | | $ 483,000 |
| 8 | Halliburton Energy Service, Inc. | ATTN: Terry Smith PO Box 42806 Houston, TX 77072, US TEL: 972-418-3206 EMAIL: | Trade | | | | $ 341,962 |

Debtor __Petro Harvester Operating Company, LLC_____  Case number (if known)_____
      Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 Verde Services, LLC | ATTN: Audrey J Phillips P.O. Box 144 Laurel, MS 39441, US TEL: 601-425-9684 EMAIL: audrey.phillips@verdeservices.net | Trade | | | | $ 341,740 |
| 10 Robert W Salsman Jr | ATTN: Robert W Salsman Jr 209 Londonderry Square Lafayette, LA 70508, US TEL: EMAIL: | Suspense | | | | $ 318,711 |
| 11 V. A. Sauls Inc | ATTN: P.O. Box 299 Heidleberg, MS 39439, US TEL: 601-787-4321 EMAIL: | Trade | | | | $ 316,294 |
| 12 International Oil & Gas Corporation | ATTN: P.O. BOX 2165 Spring, TX 77383, US TEL: EMAIL: | Suspense | | | | $ 307,520 |
| 13 Steel Reef Pipelines Canada Corporation | ATTN: Scott Southward / Adam Voss 333 7th Avenue SW, Suite 1200 Calgary, AB T2P 2Z1, CA TEL: 403-263-833 EMAIL: scott.southward@steelreef.ca | Trade | Disputed | | | $ 305,641 |
| 14 Basin Service Company | ATTN: Allen Boettcher P.O. Box 397 Westhope, ND 58793, US TEL: 701-245-6479 EMAIL: basinservice@srt.com | Trade | | | | $ 302,895 |
| 15 J-W Power Company | ATTN: John Daniels 15505 Wright Brothers Drive Addison, TX 75001, US TEL: 972-233-8191 EMAIL: contracts@jwenergy.com | Trade | | | | $ 280,809 |
| 16 Lillian B Harmon | ATTN: Lillian Harmon , , TEL: EMAIL: | Suspense | | | | $ 277,012 |
| 17 ND&T Services, Inc. | ATTN: Randi Jung PO Box 756 Mohall, ND 58761, US TEL: 701-263-5360 EMAIL: rathole@art.com | Trade | | | | $ 260,452 |
| 18 Prosper Operators, Inc. | ATTN: Charles Abshire P.O. Box 52134 Lafayette, LA 70505, US TEL: 337-267-7440 EMAIL: cabshire@prosperoperators.com | Trade | | | | $ 241,915 |
| 19 Frances W Pick Trust | ATTN: JPM Chase Bank, NA Co-Trustee P.O. Box 99084 Fort Worth, TX 76199, US TEL: EMAIL: | Suspense | | | | $ 222,803 |
| 20 Archrock Partners Operating, LLC | ATTN: 9807 Katy Freeway, Suite 100 Houston, TX 77024, US TEL: 281-836-8000 EMAIL: | Trade | | | | $ 214,082 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 22-[●] (●)** |
| | § | |
| **PETRO HARVESTER OPERATING** | § | **(Chapter 11)** |
| **COMPANY, LLC,** | § | |
| | § | **(Joint Administration Requested)** |
| **Debtor.** | § | |

## LIST OF EQUITY INTEREST HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all know holders having a direct or indirect ownership interest of the above captioned debtor in possession.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Rockall Energy, LLC | 5005 LBJ Freeway, Suite 700, Dallas, TX 75244 | 99.99% |
| Rockall Intermediate Inc. | 5005 LBJ Freeway, Suite 700, Dallas, TX 75244 | 0.01% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 22-[●] (●)** |
| | § | |
| **PETRO HARVESTER OPERATING** | § | **(Chapter 11)** |
| **COMPANY, LLC,** | § | |
| | § | **(Joint Administration Requested)** |
| **Debtor.** | § | |

## CORPORATE OWNERSHIP STATEMENT (RULES 1007(A)(1) AND 7007.1)

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's equity interests:

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Rockall Energy, LLC | 5005 LBJ Freeway, Suite 700, Dallas, TX 75244 | 99.99% |

**Fill in this information to identify the case and this filing:**

Debtor Name  Petro Harvester Operating Company, LLC

United States Bankruptcy Court for the:  Northern  District of  Texas
(State)

Case number (if known): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration   List of Equity Interest Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/08/2022          ✗ _____
MM / DD / YYYY                        Signature of individual signing on behalf of debtor

David Mirkin
Printed name

Chief Financial Officer
Position or relationship to debtor

**JOINT RESOLUTIONS OF
THE BOARD OF DIRECTORS OF
ROCKALL ENERGY HOLDINGS, LLC,
ROCKALL AGENT CORP.
AND
ROCKALL INTERMEDIATE, INC.**

**March 8, 2022**

**WHEREAS**, Rockall Energy Holdings, LLC, a Delaware limited liability company ("***Rockall***" or the "***Company***"), and its legal and financial advisors have been engaged in discussions with the administrative agent and lenders party to that certain Credit and Guaranty Agreement, dated as of September 20, 2018 (as amended prior to the date hereof, the "***Credit Agreement***"), by and among Rockall Energy, LLC, a Delaware limited liability company ("***Rockall Energy***"), as borrower, the Company, as holdings, the other guarantors party thereto, the lenders party thereto, and Goldman Sachs Bank USA ("***Goldman***"), as administrative agent and collateral agent, regarding a possible sale of the Company and/or restructuring of the indebtedness of the Company Group (as defined below) under the Credit Agreement;

**WHEREAS**, (i) the Board of Managers ("***Company Board***") of the Company, in its individual capacity and in its capacity as the sole member of Rockall Energy, a Delaware limited liability company, in its individual capacity and in its capacity as (a) the sole member or managing member (as applicable) of each of (1) Rockall Laurel, LLC, a Delaware limited liability company ("***Rockall Laurel***"), (2) Rockall LA, LLC, a Delaware limited liability company ("***Rockall LA***"), in its individual capacity and in its capacity as the sole member of Rockall Pine Prairie, LLC, a Delaware limited liability company ("***Rockall Pine Prairie***"), (3) Rockall ND, LLC, a Delaware limited liability company ("***Rockall ND***"), (4) Rockall EOR, LLC, a Delaware limited liability company ("***Rockall EOR***"), (5) Rockall MS, LLC, a Delaware limited liability company ("***Rockall MS***"), (6) Rockall Midstream, LLC, a Delaware limited liability company ("***Rockall Midstream***"), (7) Rockall Exploration Company, LLC, a Delaware limited liability company ("***Rockall Exploration***"), (8) Arrow Rock Energy, LLC, a Texas limited liability company ("***Arrow Rock Energy***"), (9) White Marlin Midstream, LLC, a Delaware limited liability company ("***White Marlin Midstream***"), (10) White Marlin Investment Company, LLC, a Delaware limited liability company ("***White Marlin Investment Company***"), and (11) Petro Harvester Operating Company, LLC, a Delaware limited liability company ("***Petro Harvester Operating Company***") (collectively, the "***Applicable Capacities***"), (ii) the Board of Directors ("***Rockall Agent Corp. Board***") of Rockall Agent Corp. and (iii) the Board of Directors ("***Rockall Intermediate Board***", and together with the Company Board and the Rockall Agent Corp. Board, collectively the "***Boards***" and each a "***Board***") of Rockall Intermediate each desire to adopt the resolutions hereinafter set forth as the action of (A) the Company Board, in all Applicable Capacities, (B) the Rockall Agent Corp. Board, for Rockall Agent Corp. and (C) the Rockall Intermediate Board, for Rockall Intermediate;

**WHEREAS**, each Board has studied and considered the financial condition of the Company, Rockall Energy, Rockall Laurel, Rockall LA, Rockall Pine Prairie, Rockall ND, Rockall EOR, Rockall MS, Rockall Midstream, Rockall Exploration, Arrow Rock Energy, White

Marlin Midstream, White Marlin Investment Company, Rockall Agent Corp., Rockall Intermediate and Petro Harvester Operating Company (collectively, the "**Company Group**"), including the Company Group's liabilities and liquidity, the short-term and long-term prospects available to the Company Group, the strategic alternatives available to the Company Group and the related circumstances and situation;

**WHEREAS**, each Board has consulted with the Company Group's financial and legal advisors and considered a variety of strategic alternatives available to the Company Group;

**WHEREAS**, each Board has determined that it is advisable and in the best interests of the Company Group to (i) pursue a prepackaged chapter 11 plan (the "***Plan***") under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***") in accordance with that certain Restructuring Support Agreement to be entered into by the Company, the subsidiaries thereto (the "***Filing Subsidiaries***" and together with the Company, the "***Debtors***" and each a "***Debtor***"), Goldman, BTC Holdings Fund I LLC, BTC Holdings SC Fund LLC, and Shell Trading Risk Management, LLC (collectively, the "***Secured Parties***," and such agreement the "***Restructuring Support Agreement***"), and (ii) execute, deliver, and file or cause to be filed with the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, or another appropriate court (the "***U.S. Bankruptcy Court***"), any and all documents necessary or convenient to effect, cause or promote the restructuring of the Debtors under the Bankruptcy Code pursuant to the Plan and in accordance with the Restructuring Support Agreement;

**WHEREAS**, each Board has reviewed the Plan and the Restructuring Support Agreement to be entered into among the Debtors and the Secured Parties, pursuant to which, among other things, the Debtors will market for sale all of the Debtors' assets and will consider bids for all, substantially all, or any of the Debtors' assets to a successful bidder, or will, in the alternative implement a transaction pursuant to the equitization provisions of the Plan whereby each Secured Party will receive its pro rata share of the equity interests in a reorganized Company entity (the "***Reorganized Company***") in exchange for such Secured Party's claims. In any event, a liquidation trust will be established for the orderly winddown of any assets that are not subject to an asset sale or part of the Secured Parties equitization;

**WHEREAS**, the Debtors will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "***Cash Collateral***"), which is security for the claims held by the Secured Parties;

**WHEREAS**, certain of the Secured Parties have agreed to provide post-petition financing to Rockall Energy under a debtor-in-possession credit agreement (the "***DIP Facility***"), on the terms and subject to the conditions set forth in a Senior Secured Super Priority Debtor-in-Possession Credit Agreement (the "***DIP Credit Agreement***"), to be entered into by Rockall Energy, as borrower, the Company and each of the Filing Subsidiaries, as guarantors, the lenders from time to time party thereto (collectively, the "***DIP Lenders***") and Goldman, as administrative agent (in such capacity, the "***Administrative Agent***") and collateral agent (in such capacity, the "***Collateral Agent***"), and at the election of the DIP Lenders, all or a portion of the DIP Facility Claims may be converted into interests in, or borrowings under any new exit credit facility with, the Reorganized Company (the "***Exit Facility***");

**WHEREAS**, the governing body of each of the Filing Subsidiaries desires for the Filing Subsidiaries to, concurrently with the Company, file or cause to be filed voluntary petitions for relief pursuant to the Bankruptcy Code with the U.S. Bankruptcy Court and are approving such filings contemporaneously with the adoption of these resolutions;

**WHEREAS**, after review of (i) the financial condition of the Company Group, the short-term and long-term prospects available to the Company Group, the strategic alternatives available to the Company Group, and the related circumstances and situation, (ii) the terms of the Restructuring Support Agreement, the Plan, and related documentation, (iii) the availability of the DIP Facility and consensual use of the Cash Collateral and (iv) such other considerations as the Boards deem relevant, the Boards, following consultation with the financial and legal advisors to the Company Group, have determined that it is advisable and in the best interests of the Debtors to enter into the Restructuring Support Agreement and pursue the restructuring of the Debtors under the Bankruptcy Code as contemplated therein and as approved in these resolutions;

**WHEREAS**, in accordance with the Restructuring Support Agreement, the Debtors have prepared a solicitation package consisting of a Disclosure Statement for the Plan (including all schedules and exhibits thereto, the "***Disclosure Statement***"), and related ballots, notices, and other materials (collectively, the "***Solicitation Package***") to be distributed to the holders of certain claims against the Debtors in connection with soliciting their votes to accept or reject the Plan in accordance with section 1125 of the Bankruptcy Code and any applicable non-bankruptcy laws and within the meaning of section 1126 of the Bankruptcy Code (the "***Solicitation***"); and

**WHEREAS**, the Board has reviewed the Plan and the Disclosure Statement (collectively, the "***Chapter 11 Documents***"), substantially in the form previously distributed to the Board, and deems it advisable and in the best interests of the Company to commence the Solicitation.

### *Restructuring Support Agreement*

**NOW, THEREFORE, BE IT RESOLVED**, that the applicable Board hereby authorizes and approves, in all respects, the entry of the Company and the Filing Subsidiaries, as applicable, into the Restructuring Support Agreement, together with any other agreements or documentation relating thereto (collectively, the "***Restructuring Support Documents***"), and the performance of their respective obligations thereunder;

**FURTHER RESOLVED**, that the Chief Executive Officer of the Company, Chief Financial Officer of the Company, the Chief Restructuring Officer of the Company, and any other officer of the applicable member of the Company Group (each, an "***Authorized Officer***," and collectively, the "***Authorized Officers***"), acting alone or with one or more other Authorized Officers, are hereby authorized and empowered to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, and deliver the Restructuring Support Documents, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof, cause the Company and each Filing Subsidiary to perform its obligations under the Restructuring Support Documents, or any amendments or modifications thereto that may be contemplated by, or required in connection with, the Chapter 11 case, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as any

such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the Restructuring Transactions, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

### *Solicitation*

**FURTHER RESOLVED**, that the Chapter 11 Documents, substantially in the form presented to the Board on or about the date hereof and as such may be further amended with the approval of an Authorized Officer, and the Solicitation, are hereby approved;

**FURTHER RESOLVED**, that each of the Authorized Officers is authorized and empowered to do and perform all such acts and things necessary to carry out the Solicitation, including the distribution of the Solicitation Package, in each case as contemplated by and in accordance with the terms of the Restructuring Support Agreement and any applicable law;

### *Chapter 11 Filing*

**FURTHER RESOLVED**, that the applicable Board hereby determines that it is advisable and in the best interests of the Company and each Filing Subsidiary, as applicable, to file voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court (the "***Petitions***"), consistent with the resolutions set forth herein;

**FURTHER RESOLVED**, that the Company and the Filing Subsidiaries are hereby authorized to file or cause to be filed the Petitions with the U.S. Bankruptcy Court;

**FURTHER RESOLVED,** that the Authorized Officers, acting alone or with one or more other Authorized Officers, are hereby authorized and empowered to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court on behalf of the Company and each Filing Subsidiary, as applicable, the Petitions, in such form as prescribed by the Official Forms promulgated pursuant to the Bankruptcy Code;

**FURTHER RESOLVED**, that, upon the filing of the Petition as authorized by the preceding resolution, each Authorized Officer, acting alone or with one or more other Authorized Officers is hereby authorized and empowered to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court, on behalf of the Company and Filing Subsidiary, as applicable, all papers, motions, applications, schedules, and pleadings necessary, appropriate, or convenient to facilitate the Chapter 11 case pursuant to the Bankruptcy Code (the "***Chapter 11 Case***") and all of its matters and proceedings, and any and all other documents necessary, appropriate, or convenient in connection with the commencement or prosecution of the Chapter 11 Case, each in such form or forms as the Authorized Officer may approve;

**FURTHER RESOLVED**, that the Authorized Officers are authorized and empowered to execute, deliver and file or cause to be filed with the U.S. Bankruptcy Court, on behalf of the Company and each Filing Subsidiary, as applicable, all papers and pleadings that such Authorized Officers believe to be necessary or desirable to effect, cause or further the restructuring of the Company and each Filing Subsidiary, as applicable, under Chapter 11 the Bankruptcy Code and any and all other documents necessary to effectuate the Plan, including and a disclosure statement

related thereto, together with any amendments or modifications thereto, or any restatements thereof, in each case, as the Authorized Officers may approve;

### ***Debtor-in-Possession Financing; Cash Collateral; Adequate Protection***

**FURTHER RESOLVED**, that the applicable Board hereby authorizes and approves, in all respects, the entry of the Company and each Filing Subsidiary, as applicable, into the DIP Credit Agreement, together with any other agreements or documentation relating thereto (collectively, the "***DIP Loan Documents***"), and the performance of its obligations thereunder;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers, are hereby authorized and empowered to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, and deliver the DIP Loan Documents, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof, cause, as applicable, the Company and each Filing Subsidiary to perform its obligations under the DIP Loan Documents, or any amendments or modifications thereto that may be contemplated by, or required in connection with, the Restructuring Transactions or the Chapter 11 Case, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as any such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the Restructuring Transactions, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that the Company and the Filing Subsidiaries shall be, and hereby are, authorized to: (i) undertake any and all transactions contemplated by the DIP Loan Documents, on substantially the terms and subject to the conditions set forth in the DIP Loan Documents or as may hereafter be fixed or authorized by the applicable Board or any of the applicable Authorized Officers, acting alone or with one or more other Authorized Officers; (ii) borrow funds from, provide guaranties to, pledge its assets as collateral to and undertake any and all related transactions contemplated thereby (collectively, the "***Financing Transactions***") with the DIP Lenders and on such terms as may be approved by any one or more of the Authorized Officers, as necessary or appropriate for the continuing conduct of the affairs of the Company and each Filing Subsidiary; (iii) execute and deliver and cause the Company and each Filing Subsidiary to incur and perform its obligations under the DIP Loan Documents and Financing Transactions; (iv) finalize the DIP Loan Documents and Financing Transactions, consistent in all material respects with the drafts thereof that have been presented to and reviewed by the Boards; and (v) pay related fees and grant security interests in and liens upon some, any or all of the assets of the Company and each Filing Subsidiary, as may be deemed necessary by any one or more of the Authorized Officers in connection with such Financing Transactions;

**FURTHER RESOLVED**, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered in the name of, and on behalf of, the Company and each Filing Subsidiary, as applicable, as a debtor and debtor in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Company and each Filing Subsidiary, as applicable, to incur and perform its obligations under the DIP Loan Documents, any secured cash management

agreements, and all other agreements, instruments and documents (including, without limitation, any and all other joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral or other credit support with proceeds from the DIP Credit Agreement) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Credit Agreement, the other DIP Loan Documents and the Financing Transactions, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Credit Agreement and the other DIP Loan Documents, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and empowered to authorize the DIP Lenders or the Collateral Agent (or its designee), on behalf of the DIP Lenders, to file any Uniform Commercial Code ("*UCC*") financing statements, mortgages, notices, and any necessary assignments for security or other documents in the name of the Company that the DIP Lenders deem necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and each Filing Subsidiary and such other filings in respect of intellectual and other property of the Company and each Filing Subsidiary, in each case as the DIP Lenders may reasonably request to perfect the security interests granted under the DIP Loan Documents;

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby are, authorized and empowered, in consultation with the applicable Board, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Loan Documents or any of the other DIP financing documents, and to execute and file on behalf of the Company and each Filing Subsidiary, as applicable, all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that the Company and each Filing Subsidiary will obtain benefits from the incurrence of the loans and other financial accommodations under the DIP Credit Agreement by the Company and each Filing Subsidiary and the occurrence and consummation of the Financing Transactions under the DIP Credit Agreement and the other DIP Loan Documents, which are necessary and appropriate to the conduct, promotion and attainment of the business of the Company and each Filing Subsidiary;

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company and each Filing Subsidiary is authorized to provide certain adequate protection to the Secured Parties (the

"***Adequate Protection Obligations***"), as documented in a proposed interim order (any such order, the "***Interim DIP Order***") and a proposed final order (any such order, the "***Final DIP Order***," and together with the Interim DIP Order, the "***DIP Orders***") described to the Boards and submitted for approval to the U.S. Bankruptcy Court;

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Orders to which the Company and each Filing Subsidiary is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers be, and hereby is, authorized and empowered, in the name of and on behalf of the Company and each Filing Subsidiary, as applicable, to take such actions and negotiate, or cause to be prepared and negotiated, and to execute, deliver, perform, and cause the performance of, the DIP Orders and the DIP Loan Documents (together with the DIP Orders, collectively, the "***DIP Documents***"), and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on substantially the terms and subject to the conditions described to the Boards, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that the Company and each Filing Subsidiary, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "***Adequate Protection Transactions***");

**FURTHER RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and empowered, and each of them acting alone be, and hereby is, authorized and empowered in the name of, and on behalf of, the Company and each Filing Subsidiary, as applicable, to take such actions as in their discretion is determined to be necessary, appropriate, or advisable and execute the Adequate Protection Transactions, including delivery of: (i) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "***Adequate Protection Documents***"); (ii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Secured Parties; and (iii) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Documents;

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered in the name of, and on behalf of, the Company and each Filing Subsidiary, as applicable, to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company and each Filing Subsidiary, as applicable, in connection with these resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, appropriate, or advisable to perform any obligations of the Company and any Filing Subsidiary under or in connection with the DIP Orders or any of the other Adequate Protection Documents and the transactions contemplated thereby and to carry out fully the intent of these resolutions;

### *Retention of Professionals*

**FURTHER RESOLVED**, that the Board hereby approves the Company's engagement of Vinson & Elkins L.L.P. ("***V&E***") as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations, including filings and pleadings, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage V&E for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of V&E;

**FURTHER RESOLVED**, that the Board hereby approves the Company's engagement of Lazard Frères & Co., LLC ("***Lazard***") as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Lazard for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Lazard;

**FURTHER RESOLVED**, that the Board hereby approves the Company's engagement of Ankura Consulting Group, LLC ("***Ankura***") to provide the Company with a Chief Restructuring Officer and certain additional personal and designate as Chief Restructuring Officer  along with certain additional personnel as restructuring advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations, and each Authorized Officer (other than Scott Pinsonnault) is hereby authorized and empowered to take such actions as may be required to so engage Ankura for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Ankura;

**FURTHER RESOLVED**, that the Board hereby approves the Company's engagement of Stretto, Inc. ("***Stretto***") as notice, claims and solicitation agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations, is hereby approved, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Stretto for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Stretto;

**FURTHER RESOLVED**, that the Board hereby authorizes and empowers each Authorized Officer to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Officer, with

power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

### *General*

**FURTHER RESOLVED**, that each of the Authorized Officers is hereby authorized and empowered, on behalf of the Company and each Filing Subsidiary, as applicable, to certify and attest to any documents that he or she may deem necessary, appropriate, or convenient to consummate any transactions necessary to effectuate the foregoing resolutions; provided, such attestation shall not be required for the validity of any such documents; and

**FURTHER RESOLVED**, that all actions heretofore taken by any officer, employee or representative of the Company or any Filing Subsidiary in its name or for its account in connection with any of the above matters are hereby in all respects ratified, confirmed and approved.

[*The remainder of this page is intentionally blank.*]

**Fill in this information to identify the case and this filing:**

Debtor Name ___Petro Harvester Operating Company, LLC___

United States Bankruptcy Court for the: ___Northern___ District of ___Texas___
                                               (State)

Case number (If known): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* _____

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑   Other document that requires a declaration_____ Corporate Resolutions

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __03/08/2022__
     MM / DD / YYYY

✗ _____
Signature of individual signing on behalf of debtor

DAVID MIRKIN
Printed name

CFO
Position or relationship to debtor